NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 29, 2015
Decided May 4, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2638

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>*v.*<br><br>OSCAR CORTEZ-LOPEZ,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 13-cr-920-1<br><br>John Z. Lee,<br>*Judge*. |

**O R D E R**

Oscar Cortez-Lopez was prosecuted under 8 U.S.C. § 1326(a) when he returned to the United States after his fifth order of removal. He pleaded guilty and was sentenced to 63 months' imprisonment. His sentence is below the guidelines range, but he argues that the punishment is substantively unreasonable in light of the time he spent in state custody for an unrelated drug crime before he was charged in federal court. Cortez-Lopez argues that the district judge should have given more weight to his argument that, if federal prosecutors had charged him immediately after learning about his reentry, he might have ended up with a concurrent state sentence. As with any sentencing factor, however, Cortez-Lopez's disagreement with the weight given this

contention does not undermine the presumption of reasonableness that applies in this case. We affirm the sentence.

Since first entering the United States from Mexico in 1993, Cortez-Lopez has had numerous encounters with law enforcement, including three drug-trafficking convictions (in 2003, 2006, and 2013) and five removals (in 2000, 2004, 2005, 2006, and 2008). He reentered the country illegally after each removal. In November 2013 he was charged with violating § 1326(a), and he pleaded guilty four months later. At that time he was serving a 9-year Illinois state prison term for an unrelated drug-trafficking offense. It is undisputed that the Department of Homeland Security first learned of Cortez-Lopez's illegal reentry in June 2010 when he was arrested for that drug crime. Federal prosecutors did not charge him, however, until shortly before he was paroled—just 42 months into his state term.

Cortez-Lopez's total offense level was 21, which, combined with a criminal history category of V, yielded a guidelines imprisonment range of 70 to 87 months. Cortez-Lopez proposed a sentence of 28 months—42 months below the guidelines minimum—to account for the time he had served in Illinois prison before he was indicted on the § 1326(a) charge. In a written submission, counsel for Cortez-Lopez asserted that if the United States had charged him immediately after discovering his presence, the following chain of events would have unfolded: (1) Cortez-Lopez would have pleaded guilty to the federal charge before he could be convicted in state court; (2) his federal sentence would have been imposed first; (3) with the state case still unresolved, he would not have received three criminal history points for that conviction; (4) with fewer criminal points his guidelines imprisonment range would have been lower; and (5) the state court would have imposed his 9-year sentence to run concurrently with his federal sentence. Counsel pressed this scenario at sentencing to justify the proposed 42-month reduction. Counsel also contended that a below-range sentence was warranted on the ground that Cortez-Lopez was unlikely to reoffend because he had a plan to return to Mexico and build a life there with his girlfriend and child.

The government recommended that Cortez-Lopez's sentence fall within the guidelines range. Cortez-Lopez had served only a fraction of his state sentence, the prosecutor noted, and the state sentence was for a drug crime wholly unrelated to the immigration charge. Given that, the prosecutor argued, there was no good reason to shorten the federal sentence. Moreover, the prosecutor argued, Cortez-Lopez's five

removals combined with repeated drug crimes undermined his request for a below-guidelines sentence.

The district judge weighed the sentencing factors in 18 U.S.C. § 3553(a). He said he was particularly troubled by Cortez-Lopez's criminal history and five removals, and doubted Cortez-Lopez's assertion that he would move back to, and remain in, Mexico. Because of Cortez-Lopez's history of recidivism, the judge explained, the sentence needed to be sufficient to deter him from repeating the familiar pattern. But the judge also considered mitigating arguments, including that Cortez-Lopez had accepted responsibility for his crimes and was raised in an area where drug trafficking was common.

Additionally, the district judge considered Cortez-Lopez's argument about the government's decision not to charge him immediately. The judge acknowledged that the government had been aware of the § 1326(a) violation for 42 months before charging Cortez-Lopez, and that the delay may have hampered his ability to seek concurrent sentences. The judge reasoned that the government had been entitled to a "reasonable amount of time" to investigate and prosecute the § 1326(a) offense, and thought 18 months would have been enough. For that reason the judge subtracted 24 months (42 − 18 = 24) from the high end of the imprisonment range. The resulting term of 63 months is 7 months below the low end of the range.

Cortez-Lopez argues that the refusal to reduce his sentence by the full 42 months was an abuse of discretion. Cortez-Lopez posits that the district judge arbitrarily selected 18 months as a "reasonable amount of time" for the government to investigate and prosecute the § 1326(a) violation. This court reviews the substantive reasonableness of a sentence for abuse of discretion in light of the § 3553(a) factors. *See United States v. Molton*, 743 F.3d 479, 484 (7th Cir. 2014). A sentencing judge must weigh a defendant's arguments in mitigation and can rely on a delay in bringing a § 1326(a) charge as one factor in determining an appropriate sentence. *See United States v. Estrada-Mederos*, No. 14-2417, at *3 (7th Cir. April 29, 2015); *United States v. Garcia-Segura*, 717 F.3d 566, 568 (7th Cir. 2013).

Cortez-Lopez principally relies on opinions that uphold a sentencing court's choice to reduce a § 1326(a) sentence by the entire length of time the government had known about the immigration crime before seeking an indictment. *See United States v. Barrera-Saucedo*, 385 F.3d 533 (5th Cir. 2004); *United States v. Sanchez-Rodriguez*, 161 F.3d 556 (9th Cir. 1998). These decisions, Cortez-Lopez says, bolster his contention that he

should have received the full 42-month reduction. But he cites no law showing that the judge must do so.

Cortez-Lopez overlooks that a judge has discretion to lower the sentence to account for the entire delay but is not required to do so, and he ignores that the delay was not the only § 3553(a) factor that the judge weighed. In addition to considering the preindictment period, the judge emphasized the number of times Cortez-Lopez had illegally reentered the country and that he keeps returning to the country to commit drug crimes. *See United States v. Smith*, 721 F.3d 904, 908 (7th Cir. 2013) (finding no error when court rejected defendant's argument in mitigation but concluded other factors warranted sentence imposed); *Garcia-Segura*, 717 F.3d at 568 (same); *United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010) (same).

Cortez-Lopez also asserts that the district judge's sentencing decision was particularly unreasonable in light of his finding that Cortez-Lopez was prejudiced by the delay. But the district judge did not find that Cortez-Lopez was prejudiced; the judge simply acknowledged that because of the delay Cortez-Lopez had lost the opportunity to seek concurrent sentences. Even if the United States had indicted Cortez-Lopez immediately upon discovering his illegal presence, there is no reason to assume that federal prosecutors would have interfered with the ongoing state prosecution by taking Cortez-Lopez out of state custody and proceeding first with the federal case. And even if the federal case had been resolved first, Cortez-Lopez cites nothing to support his assumption that the state court would have run his sentence concurrently.

The decision when to charge a defendant is as much a matter of prosecutorial discretion as the choices if and what to charge. *See United States v. Segal*, 495 F.3d 826, 833 (7th Cir. 2007); *United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir. 2006). Cortez-Lopez has never suggested that the government based its decision invidiously on some impermissible factor like race or religion. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996); *United States v. Moore*, 543 F.3d 891, 899–900 (7th Cir. 2008). Indeed, at oral argument his lawyer conceded that Cortez-Lopez does not contend that the government acted in bad faith. Cortez-Lopez committed crimes in two different jurisdictions, one state and the other federal, and he cites no legal authority for his premise that he could demand that the United States "hurry up" in order to minimize the adverse consequences of his crimes.

Cortez-Lopez disagrees with the district court's weighing of the various § 3553(a) factors and the court's decision to credit only part of the 42 months, but he doesn't

dispute that the judge considered the time he spent in state prison before he was charged. The judge fully explained his conclusion that other considerations tipped the scale in favor of a sentence that was higher than Cortez-Lopez wanted but below the guidelines nonetheless. Cortez-Lopez has not shown an abuse of discretion, and accordingly we AFFIRM the sentence.