**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Christopher R. SEALS, Defendant-Appellant.**

**No. 17-2118**

United States Court of Appeals, Seventh Circuit.

Submitted December 29, 2017 *

Decided January 8, 2018

---

Nathaniel Whalen, Attorney, Office of the United States Attorney, Hammond, IN, for Plaintiff-Appellee

Daniel J. Hillis, Attorney, Office of the Federal Public Defender, Springfield, IL, Thomas W. Patton, Attorney, Office of the Federal Public Defender, Peoria, IL, for Defendant-Appellant

Before Frank H. Easterbrook, Circuit Judge, David F. Hamilton, Circuit Judge, Rebecca R. Pallmeyer, District Judge [†]

### Order

Our prior decision affirmed Seals's convictions but remanded for resentencing. *United States v. Seals*, 813 F.3d 1038 (7th Cir. 2016). Seals was resentenced to 205 months in prison (67 months fewer than before) and two years' supervised release. He was also ordered to pay $96,534.37 in restitution.

His lead argument on this successive appeal is that the award of restitution is $1,231 too high, because the FBI holds cash in that amount that should be treated as part of the loot he stole from PNC Bank. It the FBI transfers this cash to the Bank, the amount owed as restitution will be correspondingly reduced.

In the district court Seals did not object to the presentence report's recommendation that restitution be set at $96,534.37. He nevertheless now maintains that this amount is plain error. If the FBI acknowledged that the $1,231 is the Bank's money, then Seals would be right. But the FBI maintains that the money cannot reliably be treated as the Bank's. When found in

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

† Of the Northern District of Illinois, sitting by designation.

Seals's car five weeks after the robbery, it lacked any wrapping or other markings suggesting origin or ownership. Nor can the cash be given to Seals, who has never claimed that it is his. At an earlier stage of this case, Seals denied that the $1,231 came from PNC Bank. (This was part of his strategy to win an acquittal.) He observes that the district court did not hold an evidentiary proceeding to determine who owns the $1,231. But there's a simple reason: no one asked. It can't be plain error not to hold a hearing that none of the litigants wanted. Seals has had two sentencing proceedings; he is not entitled to a third.

Seals also contends that the district judge may have imposed sentence in a mistaken belief that she was forbidden to take his firearms conviction under 18 U.S.C. § 924(c) into account when deciding how long a consecutive sentence was appropriate for the bank robbery. The Supreme Court held in *Dean v. United States*, —— U.S. ——, 137 S.Ct. 1170, 197 L.Ed.2d 490 (2017), that a judge may consider the length of the sentence under a statute such as § 924(c) that requires a consecutive sentence when deciding on the appropriate length of other components of a sentencing package. Seals surmises that the district judge may have misunderstood this principle.

Yet Seals does not point to anything the judge said or wrote suggesting that she *did* misunderstand the extent of her discretion. She sentenced Seals six weeks after the Supreme Court released its opinion in *Dean*; there is no reason to suppose that she was unaware of it and no reason to think that she wanted to give Seals a lower sentence but felt unable to do so. The most one could say—indeed, all that Seals does say—is that when pronouncing sentence the judge did not refer to *Dean*. That's hardly surprising. Judges generally discuss the arguments made to them, and Seals did not rely on *Dean* when arguing for a lower sentence. It is enough for district judges to discuss the principal arguments presented by the litigants; they need not address all legal rules that might (or might not) affect a given sentence.

A<small>FFIRMED</small>