NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 27, 2018
Decided April 5, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2366

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-CR-165-1-JPS |
| JAYLEN CAMPBELL, *Defendant-Appellant.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Jaylen Campbell is complaining in this appeal about his 99-month sentence for robbing a pharmacy in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and brandishing a firearm during a crime of violence, *id.* § 924(c). He contends that the sentence is procedurally flawed because the district court failed to explain why it is longer than the sentences his accomplices received. We conclude that the district court adequately considered this argument, and so we affirm its judgment.

Campbell joined Tytianna Jackson and her boyfriend, Marquise Jones, in robbing a Wisconsin pharmacy before the group escaped in a car driven by Roman Whyte.

During the crime one of the robbers (unidentified) brandished a firearm belonging to Jones. Jackson, Jones, and Whyte were all arrested within days of the robbery.

A few weeks later, Campbell was contacted by police to answer questions about the robbery. Initially he agreed to come by the police station, but he never showed up for the meeting, nor did he return further phone calls. Several months later, after hearing that the FBI had run an ad listing him as a "most wanted" suspect, he turned himself in to the FBI in South Carolina, where he was then living.

All four defendants were charged with robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii). A conviction under section 924(c) calls for a minimum seven-year sentence. See *id.* § 924(c)(1)(A)(ii). Such a sentence must run consecutively with any other sentence, including that imposed for the underlying offense. See *id.* § 924(c)(1)(D)(ii).

Jackson and Jones pleaded guilty to both counts in October 2016. Because both had cooperated with police, the government moved for sentence reductions under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). That motion allowed them to be sentenced below the statutory minimum for the section 924(c) count. The district court sentenced each to 15 months for the robbery and a consecutive 60 months for the section 924(c) count, for a total of 75 months.

In January 2017 the government met with Campbell, who was accompanied by counsel, to discuss his possible cooperation in Whyte's prosecution. At that time, Campbell agreed to a debriefing session, but a few days later he changed his mind. Shortly thereafter, Whyte agreed to cooperate and to plead guilty to the robbery count; for its part, the government agreed to dismiss Whyte's section 924(c) count and thus to eliminate any statutory minimum sentence for him. Campbell then renewed his offer to cooperate, but the government declined. He later pleaded guilty to both counts.

Campbell, like Jackson and Jones, had a base offense level under the U.S. Sentencing Guidelines of 19 for the robbery offense, but his criminal history category was III, whereas theirs was I. This meant that his advisory guideline range of 37–46 months was longer than theirs (30–37 months). Moreover, because Campbell had not provided assistance to the government, he faced the mandatory consecutive 84-month sentence for his section 924(c) count.

At sentencing Campbell sought the shortest permissible sentence—84 months on the section 924(c) count and one day for the robbery—which he argued would reflect his alleged lack of culpability relative to his codefendants. To support his request, he

cited *Dean v. United States*, 137 S. Ct. 1170 (2017), which authorizes sentencing courts to consider the minimum sentence under section 924(c) when choosing a sentence for the predicate offense and to impose a sentence as short as a day on the predicate count. *Dean*, 137 S. Ct. at 1177. Campbell argued that once he turned himself in, he was more forthcoming about the crime than his codefendants, and that it was unfair to penalize him with a higher sentence just because he was the last of the group arrested and thus had less to offer in cooperation. The late timing of his arrest, he maintained, stemmed not from a desire to evade police but a job opportunity for which he had to leave Wisconsin.

The district court was unpersuaded by Campbell's arguments. It sentenced him to 15 months' imprisonment for the robbery conviction, to run consecutively with the 84-month statutory minimum on the section 924(c) conviction; this led to a total sentence of 99 months, two years longer than Jackson and Jones had received. In explaining the sentence, the court never mentioned the other defendants. Instead, it highlighted Campbell's criminal history and added that he "took off" instead of meeting with law enforcement when they reached out to him.

On appeal Campbell primarily contends that the district court did not say enough about his argument that a sentence longer than 84 months and a day would create an unwarranted disparity with the sentences received by his codefendants. See 18 U.S.C. § 3553(a)(6).

A sentencing judge must consider and address a defendant's principal mitigating arguments, so long as they are not frivolous. See *United States v. Banks*, 828 F.3d 609, 618 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1122 (2017). A brief explanation will suffice if the context and record make the judge's reasoning clear. We will not reverse if "the record demonstrates that the court meaningfully considered the defendant's arguments, 'even if implicitly and imprecisely.'" *Id.* (quoting *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010)).

The record shows that the district court considered Campbell's arguments, but in the end it decided to impose a longer aggregate sentence because Campbell had neither cooperated with law enforcement nor received the benefit of a substantial-assistance motion. The court justified its action in part on the basis of Campbell's decisions to back out of meetings with law enforcement, to avoid their calls, and to leave the state. (Campbell disputes the district judge's statement that he "took off" for South Carolina; he asserts that the government never contested his innocent reason for moving there. Either way, however, it is undisputed that he left Wisconsin knowing that the police

wanted to interview him, and the court reasonably inferred that he also knew that they wanted to discuss the robbery.)

A sentencing disparity that is "justified by the fact that some wrongdoers have accepted responsibility and assisted the prosecution while others have not, is not 'unwarranted.'" *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009). In addition, the court is entitled to take differences in criminal history into account. Here, Campbell had a record of firearm-related offenses, which added up to a more substantial criminal history than that of his codefendants. See *United States v. Vaughn*, 722 F.3d 918, 937 (7th Cir. 2013).

Campbell also contends that the court overlooked a second mitigating argument—that he sought a sentence of 84 months and a day based on *Dean*, 137 S. Ct. 1170. In *Dean*, the Supreme Court recognized that nothing in section 924(c) prohibits a district court from imposing a one-day sentence for a predicate crime, so long as it was imposed consecutive to the minimum section 924(c) sentence. *Id.* at 1177.

The district court had no need to address Campbell's reference to *Dean* apart from its consideration of Campbell's sentencing-disparities argument. That it *could* sentence Campbell leniently did not compel it to do so. See *United States v. Hancock*, 825 F.3d 340, 344 (7th Cir. 2016) (recognizing that a sentencing judge need not address an argument that is "not individualized to the facts"). In any event the court implicitly rejected Campbell's argument for a sentence of one day on the robbery count. The judge's admonition that "if you're going to commit the crime, you better be prepared to do the time" was a colorful recognition that a one-day sentence on the robbery count was insufficient to fulfill the purposes of criminal sentencing.

To the extent Campbell is arguing that the judge was not aware of his discretion under *Dean*, we find no merit in the point. Nothing in the record rebuts the presumption that the judge knew the law. See *United States v. Seals*, 708 F. App'x 286, 287 (7th Cir. 2018) (presuming judge was aware of *Dean* six weeks after it was decided). To rebut this presumption Campbell points to the district judge's statement at sentencing that "Congress has taken the discretion away from the judges when it comes to crimes of violence." But it is clear from the transcript that the judge was speaking not of his discretion under *Dean*, but rather of the 84-month minimum sentence itself, which the judge correctly noted "Congress has mandated."

Finally Campbell contends that the district court violated his Fifth Amendment rights by enhancing his sentence because he did not speak with police. But Campbell never invoked the Fifth Amendment in response to the police's invitation to meet; he simply did not join the scheduled meeting or return further phone calls. In that sense

Campbell's case is like *Roberts v. United States*, 445 U.S. 552, 557–58 (1980), in which the Supreme Court affirmed a sentence that was enhanced for the defendant's failure to cooperate with investigators. Roberts asserted that his noncooperation was protected by the Fifth Amendment, but the Court recognized that the Fifth Amendment privilege "is not self-executing," and must be timely asserted before it will limit a court's broad sentencing discretion. *Id.* at 559. Likewise Campbell cannot now recast his avoidance of the police as an exercise of his constitutional rights.

AFFIRMED