NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2007
Decided November 29, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3426

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>KHALED OBEID,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 02-CR-38-2<br><br>Blanche M. Manning,<br>*Judge*. |

**O R D E R**

Khaled Obeid pleaded guilty to conspiracy to possess pseudoephedrine with knowledge that it would be used to manufacture methamphetamine, *see* 21 U.S.C. §§ 846, 841(c)(2), and to conspiracy to launder money, *see* 18 U.S.C. § 1956(h). The parties agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that Obeid would be sentenced to a prison term equal to 55% of the low end of the applicable guidelines range if the district court accepted the plea agreement. The parties further agreed to a preliminary guidelines calculation based on a total offense level of 39 and a criminal history category of I, but stipulated that the agreement "is not contingent upon the probation officer's or the Court's concurrence" with those calculations. In exchange for concessions made by the government, Obeid agreed that he would forgo any appeal of his sentence if the court sentenced him within the statutory maximum.

The district court accepted the plea agreement, but determined at sentencing that Obeid had a criminal history category of III because he committed the current offense while under supervision for two prior convictions. Applying that category against a total offense level of 39, the court calculated a guidelines imprisonment range of 324 to 405 months. The court sentenced Obeid to 178 months' imprisonment, a term representing 55% of the low end of the guidelines range.

Despite his appeal waiver, Obeid filed a notice of appeal, and appointed counsel now move to withdraw because they cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Obeid responded to counsel's motion. *See* Cir. R. 51(b). Our review is limited to the potential issues identified by counsel and Obeid. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel inform us that Obeid wishes to argue that his guilty pleas should be set aside on the ground that he does not understand English and there was no interpreter present at the plea colloquy. This representation is surprising because, in his Rule 51(b) response, Obeid urges that we ignore the appeal waiver but otherwise allow the plea agreement to stand. Nonetheless, given Obeid's apparent vacillation, it was appropriate for appellate counsel to evaluate whether Obeid might challenge the voluntariness of his guilty pleas. *Cf. United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Normally, we would evaluate a challenge to the voluntariness of a guilty plea by assessing whether the district court substantially complied with Rule 11. *See* Fed. R. Crim. P. 11(b); *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003); *Schuh*, 289 F.3d at 975. But because Obeid did not move to withdraw his pleas in the district court, our review would be for plain error only. *See United States v. Villareal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006).

The district court has wide discretion to determine whether an interpreter is necessary for a defendant who primarily speaks a language other than English. *United States v. Febus*, 218 F.3d 784, 791-92 (7th Cir. 2000). At the start of the plea colloquy, the court noted that English is not Obeid's first language and asked if he would like an interpreter. Obeid declined, explaining that he understood what the court was saying and that he did not need an interpreter. Obeid's counsel confirmed that he had no difficulty communicating with his client in English. The prosecutor noted that Obeid, who was cooperating with government agents, is fluent in English and had declined all prior offers to have an interpreter present. The complete transcript of the plea colloquy confirms that Obeid answered all of the court's questions without hesitation or any hint of misunderstanding. Accordingly, counsel correctly concludes that it would be frivolous to argue that the absence of an interpreter prevented Obeid from entering voluntary guilty pleas. *See, e.g., Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007).

Counsel next ask whether there is any basis on which Obeid could attack his sentence. But in the written plea agreement Obeid expressly waived his right to appeal any sentence within the statutory maximum. The court imposed a sentence that falls more than five years below the statutory maximum. *See* 21 U.S.C. § 841(c)(2). Because Obeid's appeal waiver stands or falls with his guilty pleas, counsel properly conclude that any potential challenge to Obeid's sentence would be frivolous. *See Nunez*, 495 F.3d at 547; *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002).

In his response, Obeid asserts that his appeal waiver is unenforceable because, according to him, the district court told him during the colloquy that he retained the right to appeal his sentence. Even ignoring the futility of his attempt to sever the appeal waiver from the rest of the plea agreement, *see United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001), Obeid's assertion is belied by the transcript. Although the court pointed out that *ordinarily* Obeid would have the right to appeal his sentence, the court also explained that Obeid was giving up that right as long as "the sentence that you ultimately get is within the statutory maximum." The court asked Obeid if he understood that he was waiving his right to appeal his sentence, and Obeid said that he did. Accordingly, the potential argument that Obeid identifies is frivolous.

Obeid also asserts that he is entitled to resentencing before a different judge because, according to him, the government breached the plea agreement when it urged the district court not to consider Obeid's argument that he should receive a sentence reduction beyond the agreed-upon 55%. But we would consider an argument that the government breached the agreement only to the extent that it would result in setting aside the entire agreement. *See United States v. Cieslowski*, 410 F.3d 353, 361-62 (7th Cir. 2005); *Whitlow*, 287 F.3d at 640. Because Obeid seeks only resentencing, he has waived the right to urge the argument. *See Cieslowski*, 410 F.3d at 361-62.

The remainder of the potential challenges that Obeid identifies are either too frivolous to mention or barred by his appeal waiver. We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.