In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3341

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EDWARD DORSEY, SR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 14 CR 20026 — **Colin S. Bruce**, *Judge.*

ARGUED MAY 24, 2016 — DECIDED JULY 21, 2016

Before WOOD, *Chief Judge,* and EASTERBROOK and KANNE,
*Circuit Judges.*

KANNE, *Circuit Judge.* Defendant Edward Dorsey is best
known, in legal circles, as the convicted drug trafficker in
*Dorsey v. United States*, 132 S. Ct. 2321 (2012), whose sentence
was vacated by the Supreme Court and reduced on remand
to time served and an eight-year term of supervised release.
Unfortunately, Dorsey returned to criminal activity and two

years later, he was charged with three new counts of drug trafficking, resulting in two proceedings against him.

In the first, the present case, Dorsey pled guilty to the three new counts of drug trafficking, and the district court sentenced him to 276 months' imprisonment and eight years of supervised release. In the second, his revocation case, he pled guilty to violating the supervised release imposed after *Dorsey v. United States*, and the district court sentenced him to 51 months' imprisonment, to run concurrently with the sentence from the present case. *United States v. Dorsey*, No. 09-cr-20003 (C.D. Ill. J. entered Feb. 20, 2015).

In the present case, Dorsey successfully appealed his 276-month sentence, but at resentencing, the district court increased his sentence to 327 months' imprisonment. Here, on his second appeal, Dorsey argues that the district court should have recused itself and that the district court erred procedurally by considering his revocation case sentence. We affirm.

## I. BACKGROUND

### A.  Dorsey v. United States

In August 2008, Dorsey, a convicted drug felon, sold 5.5 grams of crack cocaine. In September 2010, the district court sentenced him to 10 years' imprisonment, pursuant to the mandatory minimum under the 1986 Drug Act, Pub. L. No. 99-570. In doing so, the court declined to apply the 2010 Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, under which there would be no mandatory minimum sentence for a drug amount below 28 grams, because Dorsey's offense predated the FSA's effective date of August 3, 2010. This court affirmed the sentence.

On June 21, 2012, in *Dorsey v. United States*, the Supreme Court vacated and remanded Dorsey's sentence. 132 S. Ct. at 2336. The Court held that the FSA's lower mandatory minimums applied retroactively to the post-FSA sentencing of pre-FSA offenders. *Id.* at 2335–36.

On remand, the district court reduced Dorsey's sentence to time served and an eight-year term of supervised release,[1] which included a standard condition that he "shall not commit another state, federal, or local crime." Dorsey was released from custody on August 10, 2012.

*B.  New Offense, Revocation of Supervised Release, and First Sentencing*

Within two years, Dorsey returned to crack-cocaine trafficking in Illinois. On May 8, 2014, a grand jury charged Dorsey with three new counts of distribution of crack cocaine, pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (b)(1)(C). Dorsey pled guilty to all three counts. These charges constitute the present case, which was assigned to United States District Judge Colin S. Bruce.

Meanwhile, as a result of the new case against Dorsey, the probation office filed a petition to revoke Dorsey's supervised release from *Dorsey v. United States*. Dorsey was arrested on April 29, 2014. Dorsey's supervised release revoca-

---

[1] We note a clerical error in the written amended judgment, which states a six-year term of supervised release for Dorsey. Instead, the amended judgment should have stated an eight-year term of supervised release, pursuant to 28 U.S.C. § 841(a)(1), (b)(1)(B)(iii). However, the correct eight-year term of supervised release was used by the district court in Dorsey's revocation case.

tion case was ultimately assigned to United States District Chief Judge James A. Shadid.

On December 15, 2014, Judge Bruce held Dorsey's first sentencing hearing in the present case. The court determined that Dorsey's guidelines range was 262 to 327 months, based on an adjusted offense level of 34, a criminal history category of IV, and classification as a career offender. Dorsey argued, in mitigation, that he should receive a lower sentence because "the revocation proceeding of his prior federal supervised release is still pending … and under the guidelines, any sentence he receives on that shall be consecutive to this case." (Sent. Tr. 21, Dec. 15, 2014.) The court sentenced Dorsey to a within-guidelines sentence of 276 months' imprisonment. The court also imposed an eight-year term of supervised release, with the standard conditions and several special conditions. Judgment was entered against Dorsey on December 18, 2014. Dorsey filed a timely notice of appeal.

*C. Revocation Case Sentencing*

On February 19, 2015, two months after Dorsey's first sentencing in the present case, Chief Judge Shadid held Dorsey's revocation case sentencing hearing. Dorsey began by pleading guilty to violating the terms of his supervised release. The court then determined Dorsey's guidelines range was 51 to 60 months' imprisonment, based on the statutory maximum of 60 months and a criminal history category of VI. The court also noted that the sentencing guidelines recommended that this sentence should be run consecutive to Dorsey's other sentence of 276 months' imprisonment. *See* U.S.S.G. §§ 5G1.3 n.4(C), 7B1.3(f). The government agreed with the sentencing guidelines and argued for a con-

secutive 51-month sentence, whereas Dorsey asked for a concurrent 51-month sentence.

The district court also asked Dorsey whether he was challenging his 276-month sentence on appeal, to which Dorsey replied:

> No. The issue on appeal is waiting to see whether or not if the appeal is pending if any new legislation comes out that benefits him. As I am sure Your Honor is well aware, he was the successful litigant in *Dorsey v. United States.* He has learned that if you preserve a case for as long as possible, sometimes good thing[s] can happen to you. As it stands right now, there is not really a meritorious issue.

(Sent. Tr. 12, Feb. 19, 2015.) Before sentencing Dorsey, the court made two comments. First, it noted that Dorsey's 276-month sentence was "at the high end" because of his status as a career offender. (*Id.* at 16.) Second, the court declared that, "the fact that it appears that the appeal isn't likely to give you the same results as you received before, and probably unlikely to get any results, I believe that a concurrent sentence is the appropriate one." (*Id.*) The district court then imposed a sentence of 51 months' imprisonment, to run concurrently with Dorsey's other sentence of 276 months' imprisonment. Judgment was entered against Dorsey on February 20, 2015.

### D. First Appeal and Resentencing

After receiving a concurrent sentence in his revocation case, Dorsey pursued the appeal of his first sentence. On appeal, he challenged only his supervised-release conditions. On June 16, 2015, Dorsey and the government filed a joint motion for summary reversal and remand in light of *United*

*States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), and its progeny. On June 26, 2015, this court granted the joint motion, vacating Dorsey's first sentence and remanding for resentencing.

On October 16, 2015, Judge Bruce held Dorsey's second sentencing, or resentencing, hearing in the present case. Consistent with the first sentencing, the court found that Dorsey had a guidelines range of 262 to 327 months, based on an adjusted offense level of 34, a criminal history category of IV, and classification as a career offender.

After hearing arguments from both sides regarding the § 3553(a) factors, the court "reiterate[d] what [it] said at the original sentencing." (Sent. Tr. 31, Oct. 16, 2015.) The district court also detailed its reasoning for increasing Dorsey's sentence by 51 months. The district court explained that at the first sentencing, it had wanted to impose a 327-month sentence, but Dorsey had persuaded the court to impose a 276-month sentence because he expected to receive a 51-month *consecutive* sentence in his revocation case. However, Dorsey received a 51-month *concurrent* sentence in his revocation case, and consequently, the district court increased Dorsey's sentence to "correct … a misunderstanding on my part that the 51 months was definitely going to be consecutive." (*Id.* at 36.)

Ultimately, the district court sentenced Dorsey to a within-guidelines sentence of 327 months' imprisonment and eight years of supervised release. The court imposed the standard conditions and several special conditions, in accordance with *Thompson*. The district court entered amended judgment against Dorsey on October 20, 2015. Dorsey's second appeal now follows.

**II. ANALYSIS**

Dorsey raises two challenges to his resentencing. First, he argues that the district court judge at his resentencing, Judge Bruce, should have been disqualified based on his previous employment as a supervisory Assistant United States Attorney ("AUSA") in the United States Attorney's Office that prosecuted *Dorsey v. United States*. Second, Dorsey contends that his sentence was procedurally unsound because at resentencing, the district court impermissibly considered his revocation sentence.

*A. Judicial Disqualification*

Dorsey argues that Judge Bruce should have recused himself from his case, pursuant to 28 U.S.C. § 455(b)(3).[2]

For a claim arising under § 455(b), "if a claim is properly preserved, our review is *de novo.*" *United States v. Diekemper*, 604 F.3d 345, 351 (7th Cir. 2010). For a "§ 455(b) claim raised for the first time on appeal where the appellant did not move for recusal below," the standard of review is for plain error. *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001), *overruled on other grounds by Fowler v. Butts*, No. 15-1221 (7th Cir. July 20, 2016). To show plain error, a defendant must demonstrate that a judge's "participation in the

---

[2] In his opening brief, Dorsey also cited to 28 U.S.C. § 455(a), but he did not develop any recusal argument under this statutory provision. (Appellant Br. 16.) Furthermore, in his reply brief, Dorsey explicitly stated that he "has not claimed relief under § 455(a)," and that he "is not asking this [c]ourt to find that the district court should have been recused from the proceedings in the instant case under § 455(a)." (Appellant Reply Br. 2, 3.) Therefore, Dorsey does not raise a claim under § 455(a).

disposition of the case was an obvious or clear error and that it affected [the defendant's] substantial rights." *Id.*

We pause briefly to clarify some confusion regarding the standard of review. At first glance, it appears that we have reviewed recusal arguments under § 455(b) raised for the first time on appeal "under both the clear and plain error standards." *United States v. Modjewski*, 783 F.3d 645, 650 (7th Cir. 2015) (collecting cases). This confusion stems from imprecision in the language—to establish *plain error*, a defendant must show that a judge's "participation in the disposition of the case was an obvious or *clear error* and it affected [defendant's] substantial rights." *Ruzzano*, 247 F.3d at 695. (emphasis added). However, even the cases that purport to use the clear-error framework actually apply the plain-error standard, *e.g.*, *Diekemper*, 604 F.3d at 351, or they cite to cases that apply the plain-error standard, *e.g.*, *United States v. Smith*, 210 F.3d 760, 764 (7th Cir. 2000) (citing *Baldwin Hardware Corp. v. Franksu Enter. Corp.*, 78 F.3d 550, 557 (Fed. Cir. 1996) (plain error); *United States v. Bosch*, 951 F.2d 1546, 1548 (9th Cir. 1991) (plain error); *Osei-Afriyie v. Med. Coll. Penn.*, 937 F.2d 876, 886 (3d Cir. 1991) (plain error)). Therefore, the proper standard of review for a § 455(b) challenge raised for the first time on appeal is plain error.

In this case, Dorsey did not raise the § 455(b)(3) issue before the district court, and thus his argument is reviewed for plain error.

28 U.S.C. § 455(b)(3) provides: "[a judge] shall also disqualify himself … [w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or

expressed an opinion concerning the merits of the particular case in controversy[.]"

This court has held that for the purposes of § 455(b)(3), "[t]he proceeding means the current proceeding." United States v. Lara-Unzueta, 735 F.3d 954, 959 (7th Cir. 2013) (emphasis in original). Furthermore, this court has held that for "judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification." Ruzzano, 247 F.3d at 695. "Even an AUSA who occupied a supervisory position in the U.S. Attorney's Office during the prosecution is not later required to recuse herself solely on that basis." Id.

In this case, Dorsey's § 455(b)(3) claim fails because it was impossible for Judge Bruce to actually participate as an AUSA in the current proceeding. The current proceeding against Dorsey began when he was indicted on May 8, 2014. At the time, Judge Bruce had already ascended to the bench—he received his commission on October 8, 2013, and was sworn in on November 4, 2013.

The sole authority relied upon by Dorsey in support of his § 455(b)(3) claim is United States v. Smith, 775 F.3d 879 (7th Cir. 2015). But Smith does not apply here. In Smith, a § 455(b)(3) violation occurred because the sentencing judge had actually participated as counsel in the very proceeding in which she imposed the sentence. Id. at 880. In the present case, as discussed, it was impossible for Judge Bruce to actually participate as counsel in the current proceeding because he was already on the bench. Accordingly, Judge Bruce did not need to recuse himself from the present case under § 455(b)(3).

*B.  Procedural Error*

Next, Dorsey argues that the district court erred procedurally at resentencing by increasing his sentence based on the concurrent nature of his revocation case sentence.

This court reviews a district court's sentence for procedural error *de novo*. *United States v. Abebe*, 651 F.3d 653, 656 (7th Cir. 2011). Procedurally, we ask district courts to do the following at sentencing: "(1) calculate the applicable Guidelines range; (2) give the defendant an opportunity to identify any of the 18 U.S.C. § 3553(a) factors that might warrant a non-Guidelines sentence; and (3) state which factors influenced the final sentence." *Id.* (internal quotation marks omitted).

Dorsey specifically contends that the 18 U.S.C. § 3553(a) factors "in no way permit another judge's decision in a separate case to be considered as a factor in imposing [sic] sentence[.]" (Appellant Br. 14.)

This argument is meritless, flying in the face of clear federal statute and Supreme Court case law. 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." This statute simply "codifies the longstanding principle that sentencing courts have broad discretion to consider various kinds of information." *United States v. Watts*, 519 U.S. 148, 151 (1997) (per curiam).

Moreover, based on this general principle, the Supreme Court has explicitly held that when a defendant's sentence

has been set aside on appeal, a resentencing court may consider, under § 3553(a), postsentencing information relating to the defendant in increasing or decreasing the defendant's sentence. *Pepper v. United States*, 562 U.S. 476, 487–505; s*ee also United States v. Barnes*, 660 F.3d 1000, 1010 (7th Cir. 2011).

Here, at resentencing, the district court stated which factors influenced the final sentence, including an extensive discussion of its reasons for increasing Dorsey's sentence by 51 months based on the concurrent nature of Dorsey's revocation case sentence. (Sent. Tr. 34–35, Oct. 16, 2015.) The district court explained that at Dorsey's first sentencing, it had wanted to impose a 327-month sentence, but Dorsey had persuaded the court to impose a 276-month sentence because he expected to receive a 51-month *consecutive* sentence in his revocation case. (*Id.*) Dorsey, however, received a 51-month *concurrent* sentence in his revocation case. As a result, at resentencing, the district court increased Dorsey's sentence to "correct … a misunderstanding on my part that the 51 months was definitely going to be consecutive." (*Id.* at 35.) The district court's reasoning more than adequately justifies Dorsey's final sentence. Therefore, there was no procedural error.

### III. CONCLUSION

For the foregoing reasons, Dorsey's sentence is AFFIRMED.