In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1546

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KYLE W. OBERG,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:13-CR-30182-DRH-1 — **David R. Herndon**, *Judge.*

ARGUED NOVEMBER 15, 2017 — DECIDED DECEMBER 1, 2017

Before WOOD, *Chief Judge*, MANION, and KANNE, *Circuit Judges*.

PER CURIAM. Kyle Oberg possessed large quantities of child pornography that he produced himself. On his home desktop computer, investigators found more than three hundred sexually explicit photos and three videos of his five-year-old daughter exposing her genitals. He pleaded guilty to two counts of sexual exploitation of a minor and one count of pos-

session of visual depictions of a minor under age twelve engaged in sexually explicit conduct. The district judge sentenced him to a within-Guidelines, 30-year prison term—the statutory maximum for one count of sexual exploitation, 18 U.S.C. § 2251(e). He argues on appeal that his sentence is substantively unreasonable because the Sentencing Guidelines for child pornography offenses are too severe and because the judge did not correctly weigh the factors set forth in 18 U.S.C. § 3553. We affirm.

## I. BACKGROUND

Kyle Oberg came to the attention of the police when his daughter, A.O., told her mother (whom Oberg had divorced two years earlier) that she was taking pictures of her dog because her father liked to take pictures of her "private area." A police search of his home revealed that Oberg had 337 photos and three videos of A.O. exposing her genitals. Two of the videos show A.O. seated with her legs spread, rubbing a clear gel onto her vagina; in the second video, the song "Sexy and I Know It" plays in the background. In the third video, A.O. is lying on her back with her legs spread, and a man's index finger enters her vagina.

A federal grand jury indicted Oberg on two counts of sexually exploiting a minor, 18 U.S.C. § 2251(a), and one count of possessing child pornography, 18 U.S.C. § 2252(a)(4)(B). Oberg pleaded guilty as charged. The range for a prison term for counts 1 and 2 is 15–30 years, and for count 3 is 5–20 years. 18 U.S.C. §§ 2251(e), 2252(b)(1).

A probation officer calculated a Guidelines term of 360 months for counts 1 and 2 and a term of 240 months for count 3 (based on an offense level that was capped at 43,

*see* U.S.S.G. ch. 5, pt. A, cmt. 2, and a criminal history score of I). The officer calculated a base offense level of 32, U.S.S.G. § 2G2.1(a), that she increased four levels because the victim was five years old, *see* U.S.S.G. § 2G2.1(b)(1)(A), two levels because the offense involved a sexual act, *see* U.S.S.G. § 2G2.1(b)(2)(A), four levels because the material portraying a finger penetrating A.O.'s vagina was sadistic or masochistic conduct, *see* U.S.S.G. § 2G2.1(b)(4), two levels because Oberg was her father, *see* U.S.S.G. § 2G2.1(b)(5), and five levels because Oberg took pictures or videos of his naked daughter on at least 24 occasions—a frequency that amounted to a "pattern of activity," *see* U.S.S.G. § 4B1.5(b). The probation officer then reduced Oberg's offense level by two levels for acceptance of responsibility, U.S.S.G. § 3E1.1(a). Oberg did not object to these calculations.

Oberg did object, however, to the Guidelines' recommended sentence as being unreasonably long. Oberg argued first that the child-pornography Guidelines (e.g., § 2G2.1) result in "unduly severe" sentences and are "inherently flawed" because they lack empirical support. He added that the punitive dimension of these Guidelines is "driven up by Congressional directives" and affect the "vast majority" of offenders without regard to individual culpability and dangerousness. Oberg also argued that certain § 3553(a) factors—the defendant's history and characteristics, the need to protect the public, and the availability of treatment—required a lesser sentence in his case because, he contended, he had no relevant criminal history, there was "absolutely no evidence … that [he had] participated in similar activities or conduct with anyone other than A.O," and he was unlikely to reoffend with monitoring and treatment that he could receive on supervised

release. He requested a 15-year prison term, the statutory minimum.

The district court adopted the probation officer's proposed findings and sentenced Oberg to thirty years in prison and a lifetime of supervised release. Responding to Oberg's argument that the Guidelines were flawed, the court explained that Congress "created the whole Guideline system" and it was "their choice" to "give direction to the Sentencing Commission." The court addressed the § 3553(a) sentencing factors and stated that it considered the offense to be "extremely serious" and noted that Oberg's lack of criminal history is commonplace among child pornography offenders.

## II. ANALYSIS

On appeal, Oberg challenges his sentence as substantively unreasonable. Like some of our sister circuits, he questions the usefulness of the Guidelines in child pornography cases because they are shaped by Congress and lack a basis in empirical data. *See, e.g.*, *United States v. Dorvee*, 616 F.3d 174, 184–88 (2d Cir. 2010); *United States v. Grober*, 624 F.3d 592, 603–09 (3d Cir. 2010). Oberg contends that our decision in *United States v. Price*, 775 F.3d 828 (7th Cir. 2014), requires sentences in child pornography cases to fall below the Guidelines' range in order to be reasonable. In *Price*, we upheld—as a proper exercise of discretion—the district judge's decision to disagree with the child-pornography Guidelines and impose a below-Guidelines, 18-year sentence for a defendant who had molested his daughter, shared sexually explicit photos of her on the internet, and sexually abused his adolescent sister. *Id.* at 841.

But while district courts *may* disagree with the Guidelines' policies and impose a lower sentence, it is not true that they *must*. *United States v. Huffstatler*, 571 F.3d 620, 623–24 (7th Cir. 2009).

In Oberg's case, Judge Herndon properly exercised his discretion in imposing a within-Guidelines sentence. He considered Oberg's policy argument but found it unpersuasive because Congress created the Sentencing Commission and it was "their choice" to give the commission "some direction." The judge also acknowledged that he was not bound by the Guidelines but said that he believed their recommendation was appropriate. This is "exactly what [the judge] was supposed to do." *See Price*, 775 F.3d at 840–41. Just as the judge in *Price* permissibly exercised her discretion when she reasonably deviated from the Guidelines on policy grounds, so too did Judge Herndon when he reasonably did not. He committed no error.

Oberg also contends—though only in general terms—that the judge failed to adequately consider the § 3553 factors. Section 3553(a) requires that judges, when issuing a sentence, consider the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, just punishment, deterrence, the need to protect the public, and rehabilitation. Judge Herndon did not explain his rationale in great detail, but he did consider the nature and circumstances of the offense (characterizing it as "extremely serious" and noting the long-term impact of Oberg's actions on A.O.) and Oberg's minimal criminal record (noting that defendants in child pornography cases often have limited criminal histories). As for Oberg's contention that the court did not consider that treatment would be available once he is

on supervised release, the judge explained that treatment would be available *after* Oberg served his term of imprisonment. The judge also appropriately emphasized that the term reflected the seriousness of the offense, just punishment, and promoting respect for the law.

### III. CONCLUSION

For the foregoing reasons, the district court's sentence was reasonable. We AFFIRM.