NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2018
Decided May 11, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-2450

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:16-cr-40075-001 |
| MICHAEL R. SHAFFIER, JR., *Defendant-Appellant.* | Sara Darrow, *Judge.* |

**O R D E R**

Michael Shaffier pleaded guilty to possessing and distributing child pornography. *See* 18 U.S.C. § 2252A(a)(2)(A), (5)(B). The district court sentenced him to concurrent nine-year terms of imprisonment for both counts. Shaffier filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Shaffier has filed two responses opposing the motion. *See* CIR. R. 51(b). Because counsel's brief explains the nature of the case and appears to address thoroughly the issues that an appeal of this kind might involve, we limit our review to the subjects that he discusses and those that Shaffier raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel says that he consulted with Shaffier, who told counsel that he does not wish to withdraw his pleas, but in his responses Shaffier alleges that his pleas were coerced. We will, therefore, consider whether he could present on appeal a non-frivolous argument to withdraw his plea. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Shaffier did not move to withdraw his plea in the district court, so we would review the acceptance of his plea only for plain error. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013).

An argument that the district court plainly erred in accepting Schaffier's plea would be pointless because the court complied with Federal Rule of Criminal Procedure 11. *See Davenport*, 719 F.3d at 618. In particular, the district court asked Shaffier whether anyone had forced him to plead guilty or offered him any promises in order to get him to plead guilty; under oath he said no and confirmed that he was pleading guilty of his own free will. Shaffier points to no evidence that undermines these sworn statements, which are presumed true. *See United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016).

Counsel principally considers whether Shaffier could contest his sentence and rightly concludes that there is no non-frivolous argument available to him. The district court properly calculated Shaffier's Guidelines imprisonment range, based on an offense level of 34 and a criminal history category of I, as 151 to 188 months. His 108-month sentence is below this range and therefore presumed reasonable. *See United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012).

Shaffier suggests that counsel could plausibly attempt to rebut this presumption by contending that the district court relied too heavily on general deterrence in choosing the sentence. But the court properly considered *all* of the 18 U.S.C. § 3553(a) factors, including Shaffier's personal history (a dysfunctional childhood and a supportive family in his adult life), the seriousness of the offense (including the extremely graphic nature of the images he possessed), and the need to deter others from engaging in the marketplace for child pornography. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(B). And general deterrence, which the district court permissibly emphasized, has been consistently recognized as a valid concern of criminal sentencing. *See United States v. Presley*, 790 F.3d 699, 703 (7th Cir. 2015); *United States v. Molton*, 743 F.3d 479, 486 & n.3 (7th Cir. 2014) (collecting cases).

Shaffier next contends that counsel could plausibly argue that his sentence is unreasonable for another reason: that the child-pornography Guidelines are flawed and

double count his crimes. These arguments, however, would go nowhere on appeal. District courts are permitted to disagree with the sentencing policies advanced by the Guidelines, but they are not required to do so. *See United States v. Oberg*, 877 F.3d 261, 263–64 (7th Cir. 2017); *United States v. Hancock*, 825 F.3d 340, 344 (7th Cir. 2016). And we have rejected the argument that the Guidelines' enhancements for child pornography improperly double count conduct. *See United States v. McLaughlin*, 760 F.3d 699, 704 (7th Cir. 2014). In any case the district court actually agreed with Shaffier that in this case the computer-use and distribution enhancements overstated his offense and reduced the sentence accordingly.

We also agree with counsel that it would be pointless for Shaffier to argue that the district court procedurally erred at sentencing by not adequately addressing his mitigation arguments. In the district court Schaffier contended that he had served in the military, has a strong familial support network, and is a first-time offender. The court considered his arguments that these factors favored a lower sentence; it rejected some of them and accepted others. That is sufficient. *See, e.g.*, *United States v. Ramirez-Fuentes*, 703 F.3d 1038, 1048 (7th Cir. 2013). And Shaffier's attorney told the court that it had adequately addressed his arguments, so Shaffier waived any potential error anyway, *see United States v. Donelli*, 747 F.3d 936, 941 (7th Cir. 2014).

Counsel and Shaffier next consider whether he could argue that the district court erred in finding at sentencing that Shaffier had used child pornography for over twenty years. Because Shaffier did not object to the court's use of the information at sentencing, we would review that factual finding for plain error. *See United States v. Borostowski*, 775 F.3d 851, 865–66 (7th Cir. 2014). The expert whose testimony and report Shaffier presented, and on whom the district court relied in its finding, is vague about the type of pornography that Shaffier viewed over twenty years ago. Shaffier says it was lawful adult pornography, not unlawful child pornography, as the court concluded. But, in response to the government's questions, the expert clarified at the sentencing hearing that Shaffier had told the expert about "viewing all manner of pornography," which the expert thought included child pornography. With that concession in the record, we agree with counsel that it would be futile for Shaffier to argue that it was "clear and obvious" that the court should not have adopted the same understanding of the facts as Shaffier's own witness. *Id.*

Shaffier proposes that counsel raise other arguments, but they are all frivolous. First, he contends that several statements in his presentence investigation report reflect poorly on him or are inaccurate. But these points were not challenged in the district

court, so he has either waived those objections or forfeited them—the latter meaning that we would review the court's reliance on them for plain error. *See United States v. Jenkins*, 772 F.3d 1092, 1096–97 (7th Cir. 2014). But Shaffier could not meet that high standard. He complains that the PSR says that he saw a pornographic film as a child in Virginia instead of Maryland and that Shaffier's parents remarried younger people after their divorce. But these statements were not material to the sentencing court's decision-making, so they do not affect his substantial rights. Shaffier also complains that the probation office was unable to verify other facts in the PSR that he believes favored him. But an inability to verify facts that, in this case, were not material to sentencing is not an error.

Second, Shaffier maintains that the judge, as a mother and former prosecutor, was biased against him and that her questions to his expert reflected this bias. But the judge was not previously involved in his case while a prosecutor, and her maternity and questions did not themselves show bias. *See* 28 U.S.C. § 455(a), (b)(3); *United States v. Dorsey*, 829 F.3d 831, 836 (7th Cir. 2016). Judges have great latitude while examining witnesses at sentencing, and the questions here did not approach the boundaries of permissible questioning. *See United States v. Modjewski*, 783 F.3d 645, 650–51 (7th Cir. 2015). For example, Shaffier says that the judge's question about him organizing his pornography by category was improper. That question was based on the judge's misreading of an ambiguous paragraph of the PSR, not any bias; once the government clarified the matter, the judge withdrew the question.

Third, Shaffier says that the forfeiture of his smart phone and the $16,000 in restitution he owes to two victims are improper. But Shaffier consented to the forfeiture and conceded that the phone's SD card contained seven child pornography videos. It would, thus, be frivolous for Shaffier to contend now that the phone was not "used to commit or to promote the commission" of his offense. 18 U.S.C. § 2253(a)(3). Similarly, the government and Shaffier jointly recommended the restitution amount that the court ordered. A knowing waiver extinguishes any error. *See, e.g., United States v. Barnes*, 883 F.3d 955, 957 (7th Cir. 2018). In any event we have found that a similar amount of restitution ordered paid to one of the same victims was not an abuse of discretion. *See United States v. Sainz*, 827 F.3d 602, 605 (7th Cir. 2016).

Fourth, Shaffier proposes that counsel challenge his pretrial detention and aspects of his pretrial proceedings, but these challenges would be frivolous. The validity of his pretrial detention became moot once he pleaded guilty. *See Murphy v. Hunt*, 455 U.S. 478, 481–82 (1982). Schaffier complains that during pretrial conferences he was

shackled and made to wear a suicide-prevention suit, which he says impeded him from muting the court's microphone to speak to counsel privately. But nothing stopped him from asking counsel to mute the microphone, he did not object to the suit and shackles, and nothing in the record suggests that this procedure affected his conviction or sentence. Nor could he plausibly argue that this procedure was an abuse of discretion, given that he had attempted suicide just before his arrest. *See United States v. Bell*, 819 F.3d 310, 321–22 (7th Cir. 2016) (deferring to district court to determine whether a "special need" justifies shackling during jury trial), *cert. denied*, 138 S. Ct. 283 (2017).

Finally, Shaffier raises in his responses claims that are better addressed in other proceedings. He alleges that jail guards mistreated him and denied him medical treatment in pretrial detention. Those allegations are more appropriate for a civil lawsuit than a direct appeal from his criminal conviction. Additionally, to the extent that Shaffier wants to argue that his trial counsel was ineffective, such an argument is best saved for collateral attack. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341–42 (7th Cir. 2014).

We GRANT the motion to withdraw and DISMISS the appeal.