**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2020
Decided February 12, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 19-2979 & 19-3191

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:17-CR-00165 |
| MIGEUEL LARA LEON and RICARDO OCHOA-BELTRAN, *Defendants-Appellants*. | Tanya Walton Pratt, *Judge*. |

**O R D E R**

Appellants Ricardo Ochoa-Beltran and Miguel Lara-Leon were indicted on charges of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), conspiracy to launder money in violation of 18 U.S.C. § 1956, and several other drug-related charges for their leadership of a drug trafficking organization operating out of Indianapolis. Ochoa-Beltran led the organization and Lara-Leon served as his second-in-command. At their direction, several co-conspirators distributed methamphetamine, heroin, cocaine, and marijuana throughout the Indianapolis area and laundered the proceeds to California and Mexico.

Shortly before trial, both Ochoa-Beltran and Lara-Leon pled guilty. The district court sentenced them on October 30, 2019 and September 25, 2019, respectively. In the meantime, two of their co-conspirators, Angelica Guzman-Cordoba and Joel Alvarado-Santiago, were tried and convicted by a jury. As a result, by the time the district court sentenced Ochoa-Beltran and Lara-Leon, it was very familiar with the facts of this case and the operation of the drug trafficking organization as a whole. The district court ultimately sentenced Ochoa-Beltran to 360 months in prison and Lara-Leon to 260 months in prison.

Both defendants appealed, but their appointed counsel assert that there are no nonfrivolous issues for appeal and move to withdraw from the representation. *See Anders v. California*, 386 U.S. 738 (1967). Because both briefs are sufficient on their face, we limit our review to the issues discussed in the briefs. *United States v. Jones*, 696 F.3d 695, 702 (7th Cir. 2012). Both persuasively demonstrate the absence of any nonfrivolous ground for challenging the Defendants' guilty pleas and sentences.

Counsel for both Ochoa-Beltran and Lara-Leon begin by exploring whether the district court committed any error in accepting their guilty pleas.[1] Federal Rule of Criminal Procedure 11 governs the entry of pleas by a defendant. It imposes numerous obligations upon the court in order to properly consider and accept that plea. See Fed. R. Crim. P. 11(b). The "core concern" of a Rule 11 colloquy is to determine whether the plea is knowing and voluntary. *See United States v. Pineda-Buenaventura*, 622 F.3d 761, 773 (7th Cir. 2010). Neither Defendant sought to withdraw his guilty plea in the district court, so our review of their change of plea proceedings is for plain error. *See United States v. Knox*, 287 F.3d 667 (7th Cir. 2002).

Here, counsel contend that both plea hearings complied with Rule 11. The district court placed the Defendants under oath and, among other things, advised the Defendants of the consequences of testifying falsely; the potential prison sentences and civil and immigration consequences of pleading guilty; and the Defendants' constitutional rights to trial, appointed counsel, and silence. The court also confirmed that both Defendants had had sufficient time to confer with counsel about their decision

---

[1] Ochoa-Beltran has clearly indicated to counsel, and this Court, that he would like to withdraw his guilty plea. Lara-Leon's counsel represents that Lara-Leon *may* want to withdraw his guilty plea. In their brief, counsel acknowledges our admonitions that counsel "should not present … a Rule 11 argument unless they know after consulting their clients, and providing advice about the risks, that the defendant really wants to withdraw the guilty plea." *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Still, counsel considered possible arguments relating to the change of plea given Lara-Leon's indication that he may wish to withdraw his plea.

to plead guilty. Each Defendant indicated his understanding of his rights, and the court ensured each Defendant was pleading of his own free will. Following this colloquy with each Defendant, the government provided the factual basis of the charges. Both Defendants agreed that the factual basis was correct and neither objected to the factual basis provided by the government. We agree with counsel that the district court did not commit any plain error in these proceedings.

In response to his counsel's conclusion that there are no non-frivolous arguments for appeal, Ochoa-Beltran filed a brief refuting his counsel's *Anders* brief. In this brief, Ochoa-Beltran argues that he should be permitted to withdraw his guilty plea, because the district court did not provide him with a Spanish language interpreter for the hearing.

"The district court has wide discretion to determine whether an interpreter is necessary for a defendant who primarily speaks a language other than English." *United States v. Obeid*, 256 F. App'x 816, 817 (7th Cir. 2007) (citing *United States v. Febus*, 218 F.3d 784, 791–92 (7th Cir. 2000)). Here, the district court understood that English is not Ochoa-Beltran's first language. The court, however, confirmed that Ochoa-Beltran could speak and understand English and that his trial counsel had effectively communicated with Ochoa-Beltran in English throughout their attorney-client relationship. The court asked counsel why they had not used an interpreter for their attorney-client meetings, to which counsel responded that "he's [Ochoa-Beltran] always spoken in English, and he's never indicated he didn't understand my English." At no time during the plea hearing did the defendant ask, either himself or through counsel, to have an interpreter present at the change of plea hearing. Given the district court's inquiry into the Defendant's understanding of the proceedings and his history of communicating with his attorney in English, the court did not plainly err by conducting the plea colloquy without an interpreter.

Counsels' *Anders* briefs next address whether the district court committed any error at sentencing, or whether the district court imposed a substantively unreasonable sentence.

We "employ a two-step process in reviewing a sentence. We first review the sentence for procedural soundness and, if we find no error, assess its substantive reasonableness." *United States v. Dewitt*, 943 F.3d 1092, 1098 (7th Cir. 2019) (citing *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008)). We review the reasonableness of a sentence for abuse of discretion. *United States v. Bridgewater*, 950 F.3d 928, 934 (7th Cir. 2020). A sentence that is within or below the properly calculated Sentencing Guidelines

is entitled to a presumption of reasonableness. *United States v. Griffith*, 913 F.3d 683, 690 (7th Cir. 2019); *United States v. Oberg*, 877 F.3d 261, 263-64 (7th Cir. 2017).

Counsel maintains that the district court did not commit procedural error in either sentencing proceeding. At both sentencings, the district court heard argument about and resolved various objections to the pre-sentence investigation reports submitted by the probation department. After ruling on these objections, the district court announced the recommended sentences under the Guidelines. It determined that Ochoa-Beltran's adjusted offense level was 46 but recognized that the highest possible offense level was 43. Based on his category III criminal history, Ochoa-Beltran faced a Guidelines range of life in prison. Thus, any prison sentence would be presumptively reasonable. *United States v. Tanner*, 628 F.3d 890, 908 (7th Cir. 2010). With respect to Lara-Leon, the district court determined that his offense level was 42. Based on his category I criminal history, Lara-Leon's Guidelines range was 360 months to life in prison.

After determining the relevant Guidelines range for the Defendants, the district court invited defense counsel to make their presentations. Both Defendants were also provided with an opportunity to allocute. Once all parties had been heard, the district court imposed a below-guidelines sentence on each Defendant based on its consideration of the 18 U.S.C. § 3553(a) factors. The court sentenced Ochoa-Beltran to 360 months in prison and Lara-Leon to 260 months in prison.

We agree that the district court did not commit any procedural error at either sentencing hearing, and we further agree that the sentences imposed are substantively reasonable. Both sentences were below the recommended Guidelines range, and we see no reason to reject the presumption of reasonableness to which those sentences are entitled. *See Griffith*, 913 F.3d at 690.

As a final matter, in his response to counsel's *Anders* brief, Ochoa-Beltran argues that the district court erred by implicitly limiting the duration of his allocution. Before beginning his allocution, Ochoa-Beltran had asked the district court if there was a time limit for his allocution, and the court responded "No, but we're hungry." Defendant argues that he took this admonition seriously, so that his allocution was cut short by his concern for the parties' lunch hour. Further, he argues he was not able to fully allocute because his custodial placement had been changed during the pendency of his sentencing, and a letter that he had written to the court had been lost in the shuffle.

"We recognize that the right of allocution is an important right that the district courts must construe liberally." *United States v. Wrobel*, 841 F.3d 450, 458 (7th Cir. 2016) (citing *United States v. Covington*, 681 F.3d 908, 910 (7th Cir. 2012). "But, the right of

allocution is not without limits." *Id.* (citing *United States v. Alden*, 527 F.3d 653, 663 (7th Cir. 2008) (collecting cases describing limits on the right to allocution).

Here, the court's mention of lunchtime and his lost letter to the court did not interfere with the Defendant's right to have a meaningful opportunity to present his allocution. *See United States v. Panice*, 598 F.3d 426, 438 (7th Cir. 2010). Ochoa-Beltran was still able to present his case for why he should be entitled to a more lenient sentence. The district court twice thanked him for his statement, and though it made the lunchtime reference before his allocution, the court did not cut him off in any way before the end of his allocution. In addition, Ochoa-Beltran never indicated that he needed more time. Federal Rule of Criminal Procedure 32, which requires sentencing judges to personally invite a defendant to allocute, does not impose a script on district judges about how to conduct a sentencing. *United States v. Williams*, 258 F.3d 669, 674 (7th Cir. 2001). It is the substance that counts. *See id.* Substantively, Ochoa-Beltran had a meaningful opportunity to allocute and share his thoughts about his case with the court, which was receptive and courteous.

In sum, we agree with counsel that there are no non-frivolous arguments for appeal for either Defendant. Counsels' *Anders* briefs and motions to withdraw are GRANTED, and their appeals are DISMISSED.