NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

THOMAS M. CHAVEZ,
*Plaintiff/Appellant*,

v.

STATE OF ARIZONA, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 22-0194
FILED 12-20-2022

Appeal from the Superior Court in Maricopa County
No.  CV2021-012141
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Thomas M. Chavez, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Ann R. Hobart
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

¶1        Thomas Chavez ("Chavez") appeals from the superior court's judgment dismissing his claims.  For the reasons below, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In Spring 2020, the Arizona Department of Economic Security ("DES") investigated an unspecified sexual-harassment allegation against Chavez, a DES employee.  In May 2020, DES issued Chavez a letter of reprimand, but the investigation continued.  Shortly after the reprimand, DES suspended Chavez.  During Chavez's suspension, a DES employee (the "complainant") filed a formal sexual-harassment complaint against Chavez, based on the events that incited DES's investigation.

¶3        In August 2020, a DES investigator interviewed the complainant.  A month after this interview, DES suspended Chavez again. Two weeks later, two witnesses corroborated the complainant's allegations. After receiving these witness statements, DES investigators interviewed Chavez.  On October 22, 2022, at least five months after the investigation started, DES terminated Chavez's employment.

¶4        After his dismissal, Chavez demanded that DES produce the records related to its investigation and his termination.  Less than a month later, DES produced documents, including redacted witness statements.

¶5        On May 17, 2021, Chavez served a notice of claim on the State of Arizona and eight individual DES employees.  This notice included a "Prayer for Relief" that demanded: (1) reinstatement of his employment; (2) removal of all adverse documentation from his employment file; (3) reimbursement of lost wages and benefits; and (4) general damages of $299,999.99.

¶6        On June 1, 2021, the Arizona Attorney General's Office disclosed DES's investigation records, including unredacted witness statements.  Based on this disclosure, Chavez amended his notice of claim,

adding five paragraphs related to the two witnesses that substantiated the complainant's allegations. Chavez did not amend his demands.

¶7        On August 2, 2021, Chavez sued the State of Arizona, the employment law section of the Arizona Attorney General's Office, and 12 individual DES employees (collectively, the "State").

¶8        Within days of filing the complaint, Chavez challenged the assigned judge. Chavez argued bias based on the judge's past employment with the Arizona Attorney General's Office. The presiding judge denied Chavez's motion.

¶9        The State moved to dismiss the complaint, arguing that Chavez did not comply with the statutory notice-of-claim requirements. *See* A.R.S. § 12-821.01. The superior court granted the motion. Chavez timely appealed. We have jurisdiction under A.R.S. § 12-1201(A)(1).

## DISCUSSION

¶10        On appeal, Chavez argues that the superior court erred in (1) denying his motion for change of judge; and (2) finding that he did not comply with the notice of claim statute.

## I.        Change of Judge.

¶11        We "review for an abuse of discretion the denial of a motion for change of judge based on a claim of judicial bias." *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013). We presume that superior court judges are "free of bias and prejudice," but that presumption may be rebutted by a preponderance of the evidence. *State v. Medina*, 193 Ariz. 504, 510, ¶ 11 (1999) (quotation omitted). Contrary to Chavez's argument, prior employment, standing alone, does not overcome the presumption, unless the judge was personally "engaged as counsel in the action prior to appointment as a judge." *See* A.R.S. § 12-409(B) (outlining grounds for mandatory reassignment); *see also United States v. Dorsey*, 829 F.3d 831, 836 (7th Cir. 2016) (finding former employment with United States Attorney's Office did not require the judge's recusal unless the judge had been involved in the instant proceedings during his prior employment). Because the assigned judge did not work on Chavez's case while he was employed with the Attorney General's Office, Chavez did not rebut the presumption and failed to carry his burden.

## II.    Notice of Claim.

**¶12**        We review de novo whether a notice of claim complies with A.R.S. § 12-821.01.  *Jones v. Cochise County*, 218 Ariz. 372, 375, ¶ 7 (App. 2008).

**¶13**        The superior court found that Chavez's notice of claim was untimely and did not provide a specific demand amount.  We only address the specific-amount requirement.  *See Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548 (App. 2014) (stating an appeals court should not "decide issues unless it is required to do so in order to dispose of the appeal under consideration").

**¶14**        A valid notice of claim must contain "a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 9 (2007).  The statute "unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim."  *Deer Valley*, 214 Ariz. at 296, ¶ 9. Failure to provide this "specific amount" bars the claim.  *Id.* at 296, 299, ¶¶ 11, 22.

**¶15**        Chavez argues that his notice of claim contained a specific demand in the amount of $299,999.99.  But Chavez's notice of claim did not provide that the government could settle the entire action for $299,999.99.

**¶16**        Chavez's settlement demand, titled as a "Prayer for Relief," outlined four demands: (1) reinstatement of his employment; (2) removal of adverse documentation from his employee file; (3) reimbursement of lost wages and benefits; and (4) general damages of $299,999.99.  His first two demands request injunctive relief.  The second two demands request both special damages, in the form of reimbursement for lost wages and benefits, and general damages of $299,999.99.  *See Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 578, ¶ 23 n.13 (App. 2015) (describing the difference between general and special damages).  Chavez's notice of claim fails because he never enumerated how much he sought in lost wages and benefits or tied that number to a full settlement demand.

**¶17**        On appeal, Chavez argues the lost wages and benefits could be either "in addition to," or "perhaps as components of," his notice's general damages claim.  But this argument acknowledges that the notice of claim potentially included damages exceeding $299,999.99.  Thus, the notice of claim did not provide "a definite amount which [Chavez] is willing to accept as full satisfaction of his claim[s]."  *Yollin v. City of Glendale*, 219 Ariz.

24, 29, ¶ 12 (App. 2008). Absent that certainty, the notice of claim was deficient. *Compare Deer Valley*, 214 Ariz. at 296, ¶ 10 (stating that the "repeated use of qualifying language makes it impossible to ascertain the precise amount for which the [defendant] could have settled [the] claim") *with Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, 244 Ariz. 608, 609-10, ¶¶ 1, 3 (App. 2018) (holding plaintiff's statement that she would "accept the sum of $450,000 as full and final settlement" was enough to satisfy A.R.S. § 12-821.01's specific amount requirement).

## CONCLUSION

¶18        The superior court correctly determined that A.R.S. § 12-821.01(A) bars Chavez's claims. We affirm.

