In the

# United States Court of Appeals

### For the Seventh Circuit

───────────────

No. 15-2260

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DANTE GRAF,

*Defendant-Appellant.*

───────────────

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 13-CR-54 — **Rudolph T. Randa**, *Judge.*

───────────────

ARGUED DECEMBER 9, 2015 — DECIDED JUNE 27, 2016

───────────────

Before EASTERBROOK and HAMILTON, *Circuit Judges*, and
PALLMEYER, *District Judge.**

HAMILTON, *Circuit Judge.* Secret Service agents observed
Dante Graf twice sell counterfeit U.S. currency to an inform-
ant. Under a plea agreement, Graf pled guilty to one charge
of dealing in counterfeit currency in violation of 18 U.S.C.

─────────────

* The Honorable Rebecca R. Pallmeyer of the Northern District of Illinois,
sitting by designation.

§ 473. The district court accepted Graf's plea agreement following a thorough colloquy under Federal Rule of Criminal Procedure 11. Graf later failed to appear for a bond revocation hearing and managed to avoid law enforcement for several months. After his eventual discovery and re-arrest, Graf's newly-assigned lawyer told him about the possibility of filing a motion to compel the government to disclose the identity of the confidential informant. Graf moved to withdraw his guilty plea so he could file such a motion. The district court denied the motion and then sentenced Graf to 63 months in prison.

The only issue on appeal is whether the district court abused its discretion in finding that Graf had not shown a "fair and just reason" for withdrawing his plea within the meaning of Federal Rule of Criminal Procedure 11(d)(2)(B). E.g., *United States v. Redmond*, 667 F.3d 863, 870 (7th Cir. 2012) (abuse of discretion standard). It did not, so we affirm.

Graf was indicted in April 2013 and arraigned on June 29, 2013. Three months later, he and his lawyer and the prosecution signed and filed a written plea agreement in which Graf agreed to plead guilty to one charge under § 473 and the government agreed to dismiss a second charge. The agreement did not impose any limits on the court's sentence of Graf.

At a change of plea hearing on September 26, 2013, Graf was placed under oath and the district court undertook the required colloquy with him. The colloquy established that Graf was competent to decide how to plead, was pleading voluntarily, and was aware of the rights he would waive by pleading guilty. Graf also told the judge that he was happy with the way his lawyer had handled the case. The judge also reviewed the maximum potential penalties the court could

impose, including imprisonment, fines, and restitution. After all of that, Graf admitted he was guilty of the counterfeiting charge. Assured that Graf was entering his guilty plea voluntarily and knowingly and that there was a sound factual basis for the plea, the court accepted his plea, adjudged him guilty, and scheduled sentencing for January 7, 2014.

Before sentencing, Graf absconded and failed to appear for court hearings. Several months later, he was re-arrested. Following some unrelated proceedings in state courts, Graf's federal sentencing was set for January 29, 2015. But on January 26, 2015, and represented by new counsel, Graf told the district court he wanted to withdraw the guilty plea the court had accepted sixteen months earlier. He then filed a written motion to withdraw his guilty plea, asserting that his first lawyer had never told him about the possibility of filing a so-called "*Roviaro* motion" to compel the government to disclose the identity of the confidential source, with the prospect of dismissing the case if the government were to refuse to make the disclosure. See *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957). Graf asserted that he would have pursued a *Roviaro* motion before deciding whether to plead guilty.

The district court denied Graf's motion, concluding that he had "not offered any reasons, much less any just reasons, why the disclosure of the confidential informant would have substantially altered the course of his case or the factual scenario to which Graf admitted his guilt." The court sentenced Graf to 63 months in prison, which was the high end of the Sentencing Guideline range for an offender with Graf's criminal history who manufactured counterfeit currency and obstructed justice by absconding and failing to appear at a subsequent hearing. U.S.S.G. §§ 2B5.1(b)(3) & 3C1.1(4)(E).

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant "may withdraw a plea of guilty … after the court accepts the plea, but before it imposes sentence if: … the defendant can show a fair and just reason for requesting the withdrawal." This court has recognized three general grounds that merit withdrawal of a guilty plea: where the defendant shows actual innocence or legal innocence, and where the guilty plea was not knowing and voluntary. *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). None of those grounds applies here, however.

Whether to allow withdrawal of an accepted guilty plea is left to the sound discretion of the district court. *United States v. Redmond*, 667 F.3d 863, 870 (7th Cir. 2012); *United States v. Peleti*, 576 F.3d 377, 382 (7th Cir. 2009). Reversals are rare, though not unheard of. See, e.g., *United States v. Fard*, 775 F.3d 939 (7th Cir. 2015) (transcript showed plea was not knowing and voluntary); *United States v. Gomez-Orozco*, 188 F.3d 422 (7th Cir. 2003) (after pleading guilty, defendant learned he might be a U.S. citizen, which would be complete defense to charge); *United States v. Groll*, 992 F.2d 755 (7th Cir. 1993) (vacating unexplained denial of motion to withdraw where uncontested facts in presentence report supported entrapment defense and defendant had not known of that possible defense).

A plea of guilty is a formal and solemn step, where the defendant admits his guilt under oath after assuring the court, also under oath, that he is ready, willing, and able to make that decision after consulting sufficiently with his lawyer and being informed about all matters that he needs to know about to make the decision. See Fed. R. Crim. P. 11(b). A defendant's

motion to withdraw is unlikely to have merit if it seeks to dispute his sworn assurances to the court. *United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015) (district court may presume truth of defendant's prior sworn statements in plea colloquy); see also *Mays*, 593 F.3d at 607 (answers to proper Rule 11 colloquy are presumed true, imposing heavy burden on defendant and leaving the "fair and just" escape hatch "narrow"). Of particular relevance here, we have often held that a defendant can offer a knowing and voluntary plea without having received full discovery from the government. See *United States v. Underwood*, 174 F.3d 850, 853–54 (7th Cir. 1999) (collecting cases).

In this case, Graf's motion to withdraw did not call into question his factual or legal guilt. Rather, long after he had offered his plea and had it accepted, and knowing he faced a more severe sentence than he had expected as a result of his intervening obstruction of justice, his motion indicated only that he wanted to try a new tactical defense gambit in an otherwise defenseless case: a *Roviaro* motion seeking the identity of the informant to whom he sold the counterfeit currency. We find no abuse of discretion in the district court's denial of the motion to withdraw the plea. Graf's motion reflected no more than a desire to pursue a last, desperate defense tactic that would have had nothing to do with guilt or innocence.

As a general rule, ineffective assistance of counsel may prevent a defendant's guilty plea from being knowing and voluntary. *United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007); see generally *Lafler v. Cooper*, 566 U.S. —, 132 S. Ct. 1376 (2012) (right to effective assistance of counsel in plea negotiations); *Missouri v. Frye*, 566 U.S. —, 132 S. Ct. 1399 (2012)

(same). To demonstrate ineffective assistance of counsel, a defendant must show both that counsel's performance was objectively unreasonable and that, but for counsel's errors, there is a reasonable probability that the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); see also *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985) (*Strickland* standard applies to complaint about counsel's assistance regarding guilty plea). A motion to withdraw a guilty plea as having been based on inadequate legal advice will succeed only if the defendant shows "that the advice on which his plea was predicated not only was not within the range of competence demanded of attorneys in criminal cases, but also that there is a reasonable probability that but for [counsel's] unprofessional errors, the result would have been different." *United States v. Pike*, 211 F.3d 385, 390 (7th Cir. 2000). "Courts begin with the presumption that a defendant has not suffered prejudice." *Id.*

Graf has not even attempted to show these element under *Strickland*. He has not attempted to show that his original lawyer acted outside the realm of competence in opting not to discuss or pursue a *Roviaro* motion. Nor has he shown any reasonable prospect that the outcome of the case would have been more favorable to him if he had pursued such a motion. Disclosure of an informant's identity is not a matter courts take lightly, but rather requires a balancing of "the public interest … against the individual's right to prepare his defense." *United States v. Jefferson*, 252 F.3d 937, 940–41 (7th Cir. 2001). To compel disclosure, a defendant must establish that the source's identity is "relevant and helpful" to his defense or "essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60–61. Even if a *Roviaro* motion might have been granted, there is no good reason to expect that it would have benefited Graf. His assertions regarding possible entrapment defenses

or impeachment for bias are entirely speculative. And even if a *Roviaro* motion had been granted, there is no reason to believe the government would have refused to identify the informant or made any concessions in the plea agreement. Also, the government would have been within its rights by responding to a *Roviaro* motion by taking the plea offer off the table.

Rather than attempt to show ineffective assistance of counsel, Graf has argued to the district court and on appeal that the focus should be on his subjective state of mind. He contends this circuit should apply a standard for withdrawing a guilty plea that was applied by the Ninth Circuit in *United States v. McTiernan*, 546 F.3d 1160 (9th Cir. 2008). That standard would be more generous to defendants and less deferential to district judges. The defendant in *McTiernan* moved to withdraw his guilty plea on the theory that his original lawyer had provided ineffective assistance by failing to advise him that he could move to suppress key government evidence. 546 F.3d at 1165. The district court denied the motion to withdraw, but the Ninth Circuit reversed.

The Ninth Circuit did not apply the *Strickland* standard or require the defendant to show that the motion to suppress had at least a reasonable prospect of success, which would seem to be essential under the *Strickland* prejudice requirement. The Ninth Circuit held instead that the defendant needed to show only that additional advice about another defense strategy (filing a motion to suppress) "could have at least plausibly motivated a reasonable person in [defendant's]

position not to have pled guilty had he known" before pleading about the grounds offered for suppression. *Id*. at 1168.[1]

In an attempt to satisfy the *McTiernan* approach, Graf asserts that if he had known of *Roviaro*, he would have sought the identity of the informant before deciding whether to plead guilty. We decline to adopt that approach. No other circuit has adopted the *McTiernan* standard, which conflicts with our long-standing approach to the "fair and just" standard under Rule 11(d)(2)(B). Our approach is designed to allow withdrawal for sound reasons, but to minimize the use of such motions to withdraw based on gamesmanship and strategic hindsight. "A plea can be perfectly voluntary in the face of incomplete information." *United States v. Davey*, 550 F.3d 653, 656 (7th Cir. 2008). We have often held that a defendant's lack of knowledge about the evidence that would be offered against him at trial does not constitute a fair and just reason for him to withdraw his plea as long as there is a sound factual basis for the plea. *United States v. Bryan*, 557 F.3d 489, 496 (7th Cir. 2009) (collecting cases). Similarly, a defendant is not entitled to withdraw his guilty plea simply because he later discovers a weakness in the government's ability to prove its case at trial. This reasoning applies with even more force to Graf's desire to try to create such a weakness even after the court had accepted his plea of guilty.

---

[1] On remand in *McTiernan*, the district court allowed the defendant to withdraw his guilty plea and then considered and denied his motion to suppress. The defendant then again pled guilty while preserving his right to appeal. The Ninth Circuit affirmed denial of the motion to suppress. *United States v. McTiernan*, 695 F.3d 882 (9th Cir. 2012).

Such defense strategies may be perfectly legitimate in the first instance, but they do not involve questions of legal or factual innocence. They do not undermine the voluntary and knowing character of the plea when it was offered and accepted. To the contrary, the filing of such a motion after acceptance of a plea smacks of gamesmanship. Granting a motion to withdraw in such instances "would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *United States v. Hyde*, 520 U.S. 670, 677 (1997) (reversing appellate court's reversal of denial of motion to withdraw a guilty plea).

Requiring a district court to allow such a tactic would "diminish[] the solemnity of the taking of the plea" because Rule 11 requires judges to take such great care in accepting guilty pleas to ensure that entry of a plea is not a meaningless act. *United States v. Ellison*, 798 F.2d 1102, 1106 (7th Cir. 1986); see also *Hyde*, 520 U.S. at 677 (allowing automatic withdrawal unless government could show prejudice would reduce guilty plea to "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim"), quoting Fed. R. Crim. P. 32(e) (1983) (Advisory Committee notes on addition of "fair and just reason" standard for withdrawing pleas).

The district court did not abuse its discretion by denying the defendant's motion to withdraw his guilty plea. The judgment of the district court is AFFIRMED.