NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2021
Decided January 27, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-3299

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:16CR78-001 |
| MARKELL PALMER-TATE, *Defendant-Appellant*. | Damon R. Leichty, *Judge*. |

**O R D E R**

Markell Palmer-Tate pleaded guilty to attempted bank robbery, 18 U.S.C. § 2113(a), (d), (e), and was sentenced to 188 months in prison (the bottom of the guidelines range) and three years of supervised release. Although his plea agreement contained a broad appellate waiver, he filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967). Palmer-Tate did not respond to counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues for an appeal of this kind, and we limit our review to these issues. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Palmer-Tate wishes to withdraw his plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), so counsel asks whether she could raise a nonfrivolous claim that it was involuntary. She correctly concludes that she could not. First, she notes that the transcript of the plea colloquy does not reflect any sign of coercion, and the judge substantially complied with Federal Rule of Criminal Procedure 11—and, in particular, directly confirmed with Palmer-Tate that no one had tried to force him to plead guilty, that no one offered him any promises in order to get him to plead guilty, and that he was pleading guilty of his own free will. *See* FED. R. CRIM. P. 11(b)(2). No evidence undermines Palmer-Tate's sworn statements during the plea colloquy, which are presumed true. *See United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016).

Counsel next points to a minor omission in the Rule 11 colloquy: The judge did not warn Palmer-Tate that his statements could be used in a future perjury prosecution. *See* FED. R. CRIM. P. 11(b)(1)(A). But this omission is harmless because there is no current or prospective prosecution against him. *See United States v. Stoller*, 827 F.3d 591, 597–98 (7th Cir. 2016).

Counsel also considers whether Palmer-Tate could challenge the denial of his motion to withdraw his plea based on a claim of innocence—specifically, that he took no substantial step toward an attempted bank robbery. Counsel rightly rejects this argument because Palmer-Tate admitted at his change-of-plea hearing that he committed the essential elements of 18 U.S.C. § 2113(a)—that he waited on-scene as the getaway driver while his codefendants kidnapped a bank employee at gunpoint in order to rob the bank by force. *See United States v. Thornton*, 539 F.3d 741, 750 (7th Cir. 2008) (describing a threat of force to a bank employee as a "typical attempted bank robbery"), *United States v. Gladish*, 536 F.3d 646, 648 (7th Cir. 2008) (defining a substantial step as an "overt act … which in the ordinary and likely course of things will result in[] the commission of the particular crime").

An appeal waiver stands or falls with the validity of the guilty plea, and Palmer-Tate's guilty plea is valid. *United States v. Perillo*, 897 F.3d 878, 883 (7th Cir. 2018). So the appeal waiver must be enforced. An exception exists if the judge considered constitutionally impermissible factors at sentencing or imposed a sentence outside the statutory range. *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). But the judge did not rely on any impermissible factors, and the sentence does not exceed the statutory maximum.

One final point: counsel considers whether Palmer-Tate could argue that his defense attorney was constitutionally ineffective but properly recognizes that claims of ineffective assistance are best raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020).

We GRANT counsel's motion to withdraw and DISMISS the appeal.