**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2022
Decided March 10, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1583

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:19-CR-00732(1) |
| THOMAS E. TYNAN, *Defendant-Appellant.* | John Z. Lee, *Judge.* |

**O R D E R**

Thomas Tynan pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(a), for which he was sentenced to 36 months' imprisonment and 3 years' supervised release. Although his plea agreement contains an appeal waiver, Tynan filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected

to involve. Because counsel's analysis appears thorough, and Tynan has not responded to the motion, see CIR. R. 51(b), we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel confirms that Tynan wishes to withdraw his guilty plea, see *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), so she explores possible challenges to his plea. A defendant can withdraw a guilty plea only for fair and just reasons, which include his legal or actual innocence or his entry of an unknowing or involuntary guilty plea. FED. R. CRIM. P. 11(d)(2)(B); *United States v. Barr*, 960 F.3d 906, 917 (7th Cir. 2020). Counsel properly concludes that Tynan cannot raise a nonfrivolous challenge based on a claim of innocence. As she explains, he waived any such challenge at his plea hearing when he admitted the factual basis for the charges. See *United States v. Robinson*, 964 F.3d 632, 639–40 (7th Cir. 2020).

Counsel also rightly concludes that Tynan cannot raise a nonfrivolous challenge to the voluntariness of the plea. As she notes, the record of the plea colloquy does not reflect that Tynan was either coerced or—as he would like her to argue—induced to plead guilty by a promise of a prison sentence no longer than a year and a day. The transcript reflects that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure and confirmed that no one pressured him to sign the agreement or made promises to induce him to sign the agreement. No evidence undermines these sworn statements, which are presumed true. See *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016).

Next, counsel explores whether Tynan could attack any aspect of his sentence but properly concludes that doing so would be pointless. The district court correctly calculated a guidelines range of 33 to 41 months, based on a total offense level of 19 (which included a two-level enhancement for taking property from a financial institution, see U.S.S.G. §§ 2B3.1(a), (b)(1)), and a criminal-history category of II. Any challenge to the reasonableness of Tynan's sentence would also be futile. Tynan's 36-month prison sentence is within the guidelines range, so we would presume it to be reasonable. See *United States v. Wehrle*, 985 F.3d 549, 557 (7th Cir. 2021). Like counsel, we see no basis in the record that might rebut that presumption. The district court adequately addressed the 18 U.S.C. § 3553(a) factors such as the nature of Tynan's offense and criminal history, noting that Tynan repeatedly resorted to criminal activity when he faced financial difficulty or other stressors. The court also acknowledged Tynan's mitigating arguments, agreeing that he had the potential to make a positive impact in the community through his education and consistent employment.

Counsel then evaluates whether Tynan could challenge the term of supervised release but rightly concludes that Tynan waived any such argument when he declined to object to the term and conditions at the sentencing hearing. See *United States v. Canfield*, 2 F.4th 622, 626–27 (7th Cir. 2021). At sentencing, Tynan objected to only one supervised-release condition (an objection that the court granted), waiving any challenge to the remaining conditions.

Finally, counsel considers whether Tynan could argue that his trial counsel rendered ineffective assistance but appropriately concludes that any such claim is best reserved for collateral review, where a record could be developed. See *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.