NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 17, 2022
Decided June 21, 2022

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2215

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:21CR6-001 |
| DERRICK A. SMITH JR., *Defendant-Appellant*. | Damon R. Leichty, *Judge*. |

**O R D E R**

Derrick Smith, Jr. pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and the district court sentenced him to 180 months in prison—the statutory minimum sentence under the Armed Career Criminal Act, *id.* § 924(e)—and five years of supervised release. Although his plea agreement contains an appeal waiver, Smith filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief

explains the nature of the case and raises potential issues that an appeal like this would be expected to involve. Because her analysis appears thorough, and Smith has not responded to counsel's motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

As officers from the Fort Wayne, Indiana police department tried to apprehend Smith, who had an active warrant for a parole violation, a handgun fell to the ground. Smith admitted upon questioning that the weapon had been in his jacket. A single-count federal indictment charged him with violating § 922(g)(1) and, because of prior convictions, § 924(e). Smith pleaded guilty pursuant to a written plea agreement in which he "expressly waive[d] [his] right to appeal or to contest [his] conviction and all components of [his] sentence or the manner in which [his] conviction or [his] sentence was determined or imposed, to any Court on any ground."

At the change-of-plea hearing, the district court placed Smith under oath and conducted a colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The court asked Smith if his guilty plea was voluntary and not the result of threats, promises, or force, which Smith affirmed. The court then discussed, and Smith confirmed that he understood, the possible penalties that he faced, including the 15-year statutory minimum if he qualified for the ACCA enhancement. The court also reviewed with Smith the rights that he was giving up, including the right to appeal any component of his conviction or sentence. Smith again confirmed that he understood. Finally, the court asked Smith to describe the conduct that made him guilty of the offense, and Smith admitted that he had a "Taurus, a G2" firearm, which was unlawful for him to possess because of his prior felony convictions. Smith also affirmed that the government's recited factual basis was accurate, including that he "received a 13-year prison sentence previously for [] burglary convictions."

In the presentence investigation report, a probation officer calculated a range of 151 to 188 months in prison under the Sentencing Guidelines, based on an offense level of 30 and a criminal history category V. That range narrowed to 180 to 188 months because of the 15-year mandatory minimum sentence applicable to armed career criminals: Smith had five prior convictions in Indiana for burglary, a "violent felony" under the ACCA. *See* U.S.S.G. § 4B1.4(b)(3)(B); 18 U.S.C. § 924(e). Smith objected because he pleaded guilty to, and was sentenced for, all five burglaries at the same time, although he committed them on different dates. But he conceded that precedent contradicted his argument. *See United States v. Elliott*, 703 F.3d 378, 384 (7th Cir. 2012) (three burglaries committed over five days were separate convictions under the ACCA).

At the sentencing hearing, the government submitted records establishing that Smith's five prior burglaries had occurred at five separate residences on four separate dates. The district court, citing *Elliott*, *see id.*, overruled Smith's objection to his classification as an armed career criminal. The court then sentenced Smith to a term of 180 months in prison and five years of supervised release, each within the respective guidelines ranges of 180 to 188 months' imprisonment and two to five years' supervised release. *See* U.S.S.G. §§ 5G1.1(c)(2); 5D1.2(a)(1).

Counsel first informs us that Smith wishes to challenge his guilty plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), but she rightly concludes that such a challenge would be frivolous. Because Smith did not move to withdraw his plea in the district court, we would review only for plain error, *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013), and the record reflects no such error here. Smith's sworn statements at the plea colloquy are presumed true. *See United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). And, as counsel notes, the record shows that the court accepted Smith's plea only after conducting a colloquy that complied with Rule 11. *See id.* It determined that Smith was voluntarily changing his plea and that he understood the charges, the rights he was waiving, the maximum penalties for his offense, and the role of the Sentencing Guidelines. *See* FED. R. CRIM. P. 11(b)(1). The court also ensured that the factual basis for the plea was adequate. *See* FED. R. CRIM. P. 11(b)(2)–(3).

Counsel next explains that, with no means of withdrawing the guilty plea, Smith is bound by his plea agreement, which forecloses any other appellate arguments. We agree. An appeal waiver "stands or falls with the underlying agreement and plea," and because Smith cannot raise a non-frivolous challenge to the plea agreement, the appeal waiver applies unless it is unenforceable. *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020). Counsel correctly deems frivolous any argument that an exception to the appeal waiver could apply. *See id.* Smith's 180-month sentence is less than the applicable statutory maximum sentence of life, 18 U.S.C. § 924(e), and his five-year term of supervised-release does not exceed the five-year statutory maximum. *See id.* § 3583(b)(1). Further, the record shows that the judge did not consider any constitutionally impermissible factor at sentencing. *See Nulf*, 978 F.3d at 506. Therefore, as counsel correctly concludes, the appeal waiver forecloses any possible challenge to the conviction or sentence, including Smith's contention that he did not qualify for the ACCA enhancement. *See United States v. Worthen*, 842 F.3d 552, 555 (7th Cir. 2016).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.